Dear Mr. Jones:
You have requested an opinion from this office with regard to whether the Lafayette Municipal Fire and Police Civil Service Board (Board) has jurisdiction over "pay and the allocation [classification] of manpower (structure of the department)."
The police department of the City of Lafayette is covered by Article X, Section 16 of the Louisiana Constitution of 1974 and LSA-R.S. 33:2471, et seq.
LSA-R.S. 33:2477 provides, in pertinent part, as follows
The Board shall:
 (1) Represent the public interest in matters of personnel administration in the fire and police services of the said municipal government.
. . . .
 (7) Make, alter, amend, and promulgate rules necessary to carry out effectively the provisions of this Part.
. . . .
(8) Adopt and maintain a classification plan.
Obviously, subsection (8) (above) includes within the Board's jurisdiction the authority to, and, in fact, mandates that the Board "adopt and maintain a classification plan." See also LSA-R.S. 33:2483. Such plan would include the allocation of personnel.
The civil service provisions of the Constitution and the Municipal Fire Employees Civil Service Law are considered in pari materia (together, as one). Bonnette v. Karst, 261 So.2d 589
(La. 1972) Although there appears to be no case concerning the Municipal Fire Employees Civil Service Board, in the case of Barnett v. Develle, 289 So.2d 129 (La. 1974), the Louisiana Supreme Court held that:
 [T]he [City Civil Service] Commission is vested with power and authority to adopt, fix, establish and enforce pay plans governing wages and working hours of all City Civil Service Employees, which plans, when duly adopted by the Commission, are binding upon the City.
Reading the civil service provisions of the constitution together with the Municipal Fire and Police Civil Service Law, and considering the holding in Barnett v. Develle, supra, it is our opinion that the Lafayette Municipal Fire and Police Civil Service Board has the authority to adopt and implement a pay and classification plan for employees of the City of Lafayette.
Trusting this to be sufficient for your purposes, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE/vs-1695o